UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GEORGE W. WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 2:12-cv-53-JMS-DKL |
| ) | |
| WABASH VALLEY CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

The petition for a writ of habeas corpus of George Wilson ("Wilson") must be **summarily dismissed** because his petition shows on its face that he is not entitled to the relief he seeks. In addition, the court finds that a certificate of appealability should not issue.

**Petition for Writ of Habeas Corpus**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts. See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Wilson encounters the hurdle produced by the one-year statute of limitations.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The effective date of the AEDPA was April 24, 1996. The limitation period, with certain exceptions, begins to run after the completion of direct review of the judgment by state courts. 28 U.S.C. § 2244(d)(1)(A). A 1-year grace period applies to petitioners whose convictions were final prior to the effective date of the AEDPA. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997).

On August 24, 1991, Wilson was convicted of burglary, two counts of rape, one count of criminal deviate conduct and five counts of confinement. His convictions were affirmed in *Wilson v. State,* 603 N.E.2d 908 (Ind.Ct.App. 1992). Wilson filed a petition for post-conviction relief on April 3, 1997. That petition was dismissed without prejudice on November 5, 1999. Wilson then filed another petition for post-conviction relief on May 11, 2009. The trial court's denial of post-conviction relief was affirmed on appeal in *Wilson v. State,* 948 N.E.2d 868 Ind.Ct.App. 2011).

Wilson's conviction became final before the effective date of the AEDPA. He therefore had through April 24, 1997, in which to file his federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000). The running of the statute of limitations was tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See Gray v. Briley,* 305 F.3d 777, 778 (7th Cir. 2002) (the one-year period "is tolled while a 'properly filed' application for post-conviction review is pending in state court.").

Wilson's first post-conviction relief action was filed on April 3, 1997, after 344 days of the grace period had been used. The running of the statute of limitations was tolled for Wilson from April 3, 1997, until Wilson's motion to withdraw his post-conviction action was granted on November 5, 1999. At that point, Wilson had 21 days left in his 1-year grace period. This 21-day period expired on November 26, 1999, which is the last day on which he could have timely filed a petition for a writ of habeas corpus.

Wilson filed a new petition for post-conviction relief on May 11, 2009. By that time, the 1-year grace period had been expired by nearly 10½ years. The filing of the new petition for post-conviction relief thus has no effect on the computation of the statute of limitations. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

With the present habeas action having been filed on February 27, 2012 (the date Wilson gave the habeas petition to prison authorities for filing), this action was filed more than 12½ years late.

Wilson's petition for a writ of habeas corpus shows on its face that it was filed beyond the statute of limitations and that for this reason he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.**

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Wilson has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/09/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana